# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**SCOTTY MCCLINA**                                                             **PLAINTIFF**
**#84987**

V.                      NO. 4:22-cv-01159-JM-ERE

**HIGGINS,** *et al.*                                                   **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge James M. Moody Jr. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within 14 days. If you do not object, you risk waiving the right to appeal questions of fact. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.**     **Discussion:**

Paul Criswell, an inmate at the Pulaski County Detention Facility ("Detention Facility"), filed this lawsuit *pro se* under 42 U.S.C. § 1983 on behalf of himself and 50 other inmates, including Plaintiff Scotty McClina. *Doc. 1*. Pursuant to Court policy, the Court opened 51 different lawsuits, including this one for Mr. McClina.

Mr. McClina is now proceeding *in forma pauperis* ("IFP"). *Doc. 8*. In its December 16, 2022 Order granting Mr. McClina's motion for leave to proceed IFP, the Court also provided Mr. McClina an opportunity to file an amended complaint to clarify his constitutional claims. *Doc. 8*. Mr. McClina then filed his amended complaint. *Doc. 9*.

In his amended complaint, Mr. McClina alleges that, while he was working in the kitchen, he slipped and fell, injuring his neck, back, and shoulder. He complains that Detention Facility officials have failed to provide him medical treatment for his injuries. He names as Defendants Sheriff Higgins, Captain Calvin, Major Tompson, and unidentified deputies. However, Mr. McClina fails to explain what each Defendant allegedly did or failed to do that violated his constitutional rights.

As a result, on January 6, 2023, the Court again postponed the screening process mandated by 28 U.S.C. § 1915A[1] to give Mr. McClina an opportunity to file a second amended complaint clarifying his claims. *Doc. 10*. In that Order, the Court explained why Mr. McClina's current pleading, the amended complaint (*Doc. 9*), fails to state a plausible constitutional claim against any of the named Defendants.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

To date, Mr. Mc Clina has not filed a second amended complaint clarifying his constitutional claims, and the time to do so has passed. For the reasons previously explained to Mr. McClina (*Docs. 8, 10*), his current pleading (*Doc. 9*) fails to state a plausible constitutional claim for relief. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

### III.  Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.  Mr. McClina's case be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.  The Clerk be instructed to close this case.

3.  In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

Dated this 14th day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE